William E. Lakis
**LAKIS LAW OFFICES, PC**
145 N. Franklin Tpke, Suite 122
Ramsey, NJ  07446
Tel:  201-962-9300
Fax: 201-962-9301
E-mail: wlakis@lakis-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UPS ASIA GROUP PTE. LTD., UPS OCEAN FREIGHT SERVICES, INC., UPS SCS (CHINA) LTD, UPS SCS SERVICES (THAILAND) LIMITED, and UPS SCS (ASIA) LTD,<br><br>Plaintiffs,<br><br>v.<br><br>SOLARAY, LLC, DONGGUAN GRAND FLY DISPLAY LTD, THE HANOVER INSURANCE COMPANY a/s/o PROGRESSIVE DYNAMICS, INC., TYCO ELECTRONICS MEXICO S DE RL DE CV, TE CONNECTIVITY MANUFACTURING (THAILAND) COMPANY LIMITED, ZOLL MEDICAL CORPORATION, KIMBALL ELECTRONICS (THAILAND) LTD., RANDA LOGISTICS, HAGGAR TRIBAL INC, EVERBEST GLOBAL LIMITED, SHIPCO TRANSPORT INC., OCEAN NETWORK EXPRESS PTE. LTD. (ONE), OCEAN NETWORK EXPRESS (NORTH AMERICA) INC., and DOES 1 to 20.<br><br>Defendants. | **CASE NO. 1:22-cv-6990**<br><br>**COMPLAINT FOR**<br>**DECLARATORY RELIEF** |

Plaintiffs' complaint follows:

1.      Plaintiffs UPS ASIA GROUP PTE. LTD., UPS OCEAN FREIGHT SERVICES, INC., UPS SCS (CHINA) LTD, UPS SCS SERVICES (THAILAND) LIMITED, and UPS SCS (ASIA) LTD (collectively "Plaintiffs" or "UPS"), are now, and at all times herein material were, corporate entities duly organized and existing by virtue of law, and were the licensed non-vessel

operating common carriers and/or arrangers of the hereinafter described shipments, as fully identified in Schedule A.

2. Plaintiffs are informed and believe that defendants SOLARAY, LLC, DONGGUAN GRAND FLY DISPLAY LTD, THE HANOVER INSURANCE COMPANY as subrogating insurer of PROGRESSIVE DYNAMICS, INC., TYCO ELECTRONICS MEXICO S DE RL DE CV, TE CONNECTIVITY MANUFACTURING (THAILAND) COMPANY LIMITED, ZOLL MEDICAL CORPORATION, KIMBALL ELECTRONICS (THAILAND) LTD., RANDA LOGISTICS, HAGGAR TRIBAL INC, EVERBEST GLOBAL LIMITED, and DOES 1 to 10 (collectively, the "Cargo Interest Defendants") are now, at all times material herein were, business entities duly organized and existing by virtue of law and engaged in the business of importation of goods into the United States and the Central District of California judicial district.

3. Plaintiffs are informed and believe that defendants SHIPCO TRANSPORT INC., OCEAN NETWORK EXPRESS PTE. LTD. (ONE), OCEAN NETWORK EXPRESS (NORTH AMERICA) INC., and DOES 11 to 20 (collectively, the "Ocean Carriage Defendants") are now, at all times material herein were, corporations duly organized and existing by virtue of law and engaged in the business as common carriers for hire and transportation intermediaries within the United States and the Central District of California judicial district, with places of business in said district.

4. The true names of defendants named herein as DOES 1-20, each of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the dispute and/or the loss herein complained of, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend their complaint to show the true names of said defendants when the same have been ascertained.

5. Plaintiffs are informed and believe that the Cargo Interest Defendants and/or the Ocean Carriage Defendants (collectively, the "Defendants"), and each of them, were and have been agents, servants, employers, and/or employees of each of the other Defendants, and each of

them, each and every one of whom, as such, was acting in the course and scope of the employment and/or agency relationship at all times relevant to this action.

6. Plaintiffs' complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carriage of Goods by Sea 26 Act, 46 U.S.C. § 30701 note, et. seq. (2006) ("COGSA") and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein. Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. These are admiralty and maritime claims within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

7. An actual controversy exists between Plaintiffs and Defendants within the meaning of 28 U.S.C. § 2201, which is of sufficient immediacy and reality to warrant declaratory relief.

8. The United States District Court for the Central District of California has personal jurisdiction over the Cargo Interest Parties because the Cargo Interest Parties are subject to forum selection clauses governing the business relationships between the Cargo Interest Parties and Plaintiffs which state that the United States District Court for the Central District of California shall have exclusive jurisdiction over any dispute arising from the carriage of goods and that the Cargo Interest Parties agree to the personal jurisdiction of the forum having jurisdiction over their disputes. *See Alt. Marine Constr. Co v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1971).

9. The United States District Court for the Central District of California is the proper venue for this action because the Cargo Interest Parties are subject to forum selection clauses governing the business relationships between the Cargo Interest Parties and Plaintiffs which state that the courts of the state of California shall have exclusive jurisdiction over any dispute arising from the carriage of goods. *See* 28 U.S.C. § 1404.

10. On 1 June 2022, the Judicial Panel on Multidistrict Litigation ("JPML") issued an Order assigning the matter of *In re: ONE Apus Container Ship Incident on November 30, 2020* to the Honorable Paul A. Englemayer, United States District Court for the Southern District of New York, for coordinated or consolidated pretrial proceedings. (1:22-md-03028, Dkt. 1.) As is more

fully set forth in the allegations that follow, the instant action is a 'tag-along" action involving allegations of lost or damaged cargo following a November 30, 2020 severe weather incident experienced by the ultra large container vessel *ONE Apus*. Pursuant to Order No. 1 in the proceeding, tag-along actions can be directly filed in the Southern District of New York where they will be automatically consolidated with the multidistrict litigation action without the necessity of future motions or orders. (1:22-md-03028, Order No. 1, Dkt. 3)

11. On or about October/November of 2020, Plaintiffs made certain arrangements for the transport of certain shipments of cargo for the Cargo Interest Defendants and issued bills of lading relating to the carriage as identified in Schedule A.

12. In relation to the provision of their services, each of the Plaintiffs propagates and utilizes terms and conditions of service (the "Terms") which constitute a legal binding contract between each Plaintiff and the customer defined as the "Merchant" in the Terms. Both the shipper and the consignee of the shipment of cargo are identified as a Merchant under the Terms. Plaintiffs are informed and believe and thereupon allege that the Cargo Interest Defendants each had notice of these terms and conditions and, as a Merchant, was a party to the respective Terms of its corresponding Plaintiff, as fully identified in Schedule A.

13. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that the shipments of cargo described in Schedule A were received in good order and condition by the Ocean Carriage Defendants on or about the date and at the Port of Loading as identified in Schedule A. Plaintiffs further allege that in exchange for good and valuable consideration each of the Ocean Carriage Defendants agreed to transport and carry the shipment it received, as identified in Schedule A, to the Place of Delivery identified in Schedule A via the Port of Long Beach, California and there deliver said shipment to the lawful owner of the shipment in the same condition as when received.

14. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that each of the above shipments was placed aboard the vessel ONE APUS for transport from a foreign Port to Long Beach, California. During the ocean transit to Long Beach and on or

about November 30, 2020, each of the shipments was lost overboard and/or damaged along with more than 1800 other ocean containers of cargo, resulting in likely the second largest cargo loss in history.

15. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that following the loss, the vessel diverted to Kobe, Japan, where repairs were made; however, despite reasonable requests, respective consultants and/or experts for the Cargo Interest Defendants and/or Plaintiffs and/or those of other cargo interests were refused to allow to board the vessel to inspect the damage and other evidence relevant to the container loss failure, with such actions potentially constituting spoliation.

16. The vessel subsequently arrived at Long Beach, California on or about April 19, 2021, and as of that date, Plaintiffs are informed and believe that many cargo owners still did not know whether their cargo was damaged or lost overboard.

17. The Cargo Interest Defendants have made demand upon Plaintiffs seeking to hold them responsible for the shipments of cargo purported to be lost overboard or damaged during ocean transit.

18. Plaintiffs are informed and believe, and on the basis of such information and belief allege that the Cargo Interest Defendants seek to recover from Plaintiffs 100% of the claimed value of the shipments of cargo said to be no less than approximately USD $89,223 subject to substantial increase when the claims are further pursued and subject to the evidence presented.

19. Plaintiffs are informed and believe, and thereon allege, that the Cargo Interest Defendants have made, or imminently will, claim upon Plaintiffs for alleged damages incurred due to the loss of or damage to the shipments of cargo during transit.

20. Plaintiffs deny the claims of and demands from the Cargo Interest Defendants to the extent that they seek recovery for amounts of damages above the contractual limitation of liability found in their applicable Terms as well as any limitations provided by applicable governing law.

21. Plaintiffs are informed and believe and thereupon allege that the Ocean Carriage

Defendants, through their acts, omissions, breaches, negligence, and/or fault were legally responsible for any and all of the events and happenings alleged by Plaintiffs and/or the Cargo Interest Defendants and for proximately causing any damages and/or loss incurred by Plaintiffs and/or the Cargo Interest Defendants as the latter have alleged in their claims against Plaintiffs.

## **FIRST CAUSE OF ACTION**
### **(Declaratory Relief)**
### **(As Against All Defendants)**

22. Plaintiffs refer to and incorporate herein by reference paragraphs 1-21 as though fully set forth herein.

23. An actual controversy has arisen and now exists between Plaintiffs and Defendants herein concerning their respective rights and duties owed to one another.

24. Accordingly, Plaintiffs seek a judicial determination of the respective rights and duties of each of the Parties in connection with said Parties' respective allegations as set forth herein.

25. In particular, Plaintiffs seek declaratory judgment from this Court that:

   a. Plaintiffs are not liable to the Cargo Interest Defendants for the amount of claimed damages sought for loss of or damage to the shipments of cargo;

   b. Plaintiffs are entitled to enforce contractual limitations of liability on any damages claimed as well as any other contractual limitations or defenses available to Plaintiffs;

   c. Plaintiffs are entitled to enforce any applicable governing law which limits Plaintiffs' liability for damages or provides applicable defenses;

   d. The court of jurisdiction and the applicable governing law for the dispute between the parties is properly found and determined here in the United States, and more specifically, in the courts located in the State of New York.

26. Plaintiffs also seek a declaration of the comparative liability of, *inter alia*, each of the said Ocean Carriage Defendants herein for the damages alleged by the Cargo Interest

Defendants.

27. Plaintiffs further seek a declaration of the respective responsibility of each of the said Ocean Carriage Defendants for comparative indemnity and/or contribution to Plaintiffs for any sum that Plaintiffs may be compelled to pay by settlement, judgment or otherwise, for which the said Ocean Carriage Defendants herein are determined to be responsible, in whole or in part.

28. Plaintiffs have incurred and will continue to incur attorneys' fees, costs, and other litigation-related expenses in their defense of the claims for which Plaintiffs seek full indemnity and/or contribution from the Ocean Carriage Defendants, together with reimbursement for their attorneys' fees, costs and expenses, all according to proof.

## SECOND CAUSE OF ACTION

### (Damage to Cargo – COGSA)

### (As Against the Ocean Carriage Defendants)

29. Plaintiffs refer to and incorporate herein by reference paragraphs 1-28 as though fully set forth herein.

30. Each of the Ocean Carriage Defendants, under contracts of carriage, namely the bills of lading identified in Schedule A and others, and in return for good and valuable consideration, agreed to carry the shipment it received, as identified in Schedule A, from a port of a foreign country to the Place of Delivery, as both identified in Schedule A, via the Port of Long Beach, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

31. Thereafter, in breach of and in violation of said agreements and their duties as a common carriers of goods by sea for hire, each of the Ocean Carriage Defendants did not deliver its respective shipment that it received in the same good order, condition, and quantity. To the contrary, each of the Ocean Carriage Defendants either failed to deliver the shipment it received, where the shipment was lost overboard during the ocean carriage to Long Beach or delivered its

respective shipment in a damaged condition. As a result, each of the Ocean Carriage Defendants is liable for the total loss and/or damage to its respective shipment as described in Schedule A.

32. By reason of the failure of each Ocean Carriage Defendant to deliver the shipment it received in the same good order and condition, each Ocean Carriage Defendant has caused or will cause a loss to Plaintiffs in the amount of loss identified for the shipment identified in Schedule A, with the total loss Plaintiffs sustained for all shipments equaling or estimated to be no less than $89,223 and expected to be larger when the claims of the Cargo Interest Defendants are further pursued and subject to the evidence presented, no part of which has been paid by any of the Ocean Carriage Defendants, despite demand therefor.

WHEREFORE, Plaintiffs prays relief as hereinafter set forth.

## **THIRD CAUSE OF ACTION**

### **(Breach of Contract)**

### **(As Against the Ocean Carriage Defendants)**

33. Plaintiffs refer to and incorporate herein by reference paragraphs 1-21 as though fully set forth herein. This cause of action is pleaded in the alternative.

34. Each of the Ocean Carriage Defendants, under contracts of carriage, namely the bills of lading identified in Schedule A and others, including without limitation Service Agreement(s), and in return for good and valuable consideration, agreed to transport and carry the shipment it received, as identified in Schedule A, to the Place of Delivery identified in Schedule A via the Port of Long Beach, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

35. In breach of said contract, each of the Ocean Carriage Defendants did not deliver the shipment it received in the same good order, condition, and quantity as when received. To the contrary, each of the Ocean Carriage Defendants failed to deliver the shipment in the same condition as received, as each shipment was lost overboard and/or damaged during the ocean carriage.

36.     By reason of the failure of each of the Ocean Carriage Defendants to deliver the shipment it received in the same good order and condition, each of the Ocean Carriage Defendants has caused or will cause a loss to Plaintiffs in the amount of loss identified for the shipment in Schedule A, with the total loss Plaintiffs sustained for all shipments equaling or estimated to be no less than $89,223 and expected to be larger when the claims of the Cargo Interest Defendants are further pursued and subject to the evidence presented, no part of which has been paid by any of the Ocean Carriage Defendants, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Bailment)

### (As Against the Ocean Carriage Defendants)

37.     Plaintiffs refer to and incorporate herein by reference paragraphs 1-21 as though fully set forth herein. This cause of action is pleaded in the alternative.

38.     In receiving and arranging for the shipments of cargo, either by themselves or through their agents, each of the Ocean Carriage Defendants acted as bailees for hire, setting up a bailment agreement as a matter of law. In breach of said bailment agreement, each defendant failed to safely deliver the shipment it received, as identified in Schedule A, in the same good order and condition. To the contrary, each shipment was never delivered or was delivered damaged.

39.     By reason of the failure of each of the Ocean Carriage Defendants to deliver the shipment it received in the same good order and condition, each defendant has caused or will cause a loss to Plaintiffs in the amount of loss identified for the shipment in Schedule A, with the total loss Plaintiffs sustained for all shipments equaling or estimated to be no less than $$89,223 and expected to be larger when the claims of the Cargo Interest Defendants are further pursued and subject to the evidence presented, no part of which has been paid by any of the Ocean Carriage Defendants, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Damage to Cargo — Harter Act, 46 U.S.C. § 30704)

### (As Against the Ocean Carriage Defendants)

40. Plaintiffs refer to and incorporate herein by reference paragraphs 21 as though fully set forth herein. This cause of action is pleaded in the alternative.

41. Each of the Ocean Carriage Defendants under contracts of carriage, namely the bills of lading identified in Schedule A and others, including without limitation shipping documents, and in return for good and valuable consideration, agreed to carry the shipment it received, as identified in Schedule A, from a port of a foreign country to the Place of Delivery, as both identified in Schedule A, via the Port of Long Beach, California and there deliver said shipment in the same good order, condition, and quantity as when received to the lawful owner of the shipment.

42. Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, each of the Ocean Carriage Defendants did not deliver its respective shipment that it received in the same good order, condition, and quantity. To the contrary, each of the Ocean Carriage Defendants either failed to deliver the shipment it received, where the shipment was lost overboard during the ocean carriage to Long Beach or delivered its respective shipment in a damaged condition. As a result, each of the Ocean Carriage Defendants is liable for the total loss and/or damage to its respective shipment as described in Schedule A.

43. By reason of the failure of each of the Ocean Carriage Defendants to deliver the shipment it received in the same good order and condition, each of the Ocean Carriage Defendants has caused a loss to Plaintiffs in the amount of loss identified for the shipments in Schedule A, with the total loss Plaintiffs sustained for all shipments equaling or estimated to be no less than $89,223 and expected to be larger when the claims of the Cargo Interest Defendants are further pursued and subject to the evidence presented, no part of which has been paid by any of the Ocean Carriage Defendants, despite demand therefor.

WHEREFORE, Plaintiffs pray for declaratory relief and judgment against Defendants, and each of them, as follows:

1. For judgment against the Cargo Interest Defendants and in favor of Plaintiffs;

2. A judgment stating that Plaintiffs are not liable to the Cargo Interest Defendants for the full amount of claimed damages sought for loss of or damage to the shipments of cargo; that the damages claims are subject to a contractual limitation of liability as well as other contractual limitations or defenses available to Plaintiffs; that the damages claims are also subject to any applicable governing law which limits Plaintiffs' liability for damages or provides applicable defenses;

3. For judgment against the Ocean Carriage Defendants, and each of them, and in favor of Plaintiffs;

4. That this Court decree payment by each of the Ocean Carriage Defendants to each of the respective Plaintiffs in the sum of the amount of loss identified in Schedule A for the shipment each of the Ocean Carriage Defendants received or another amount to be proven a trial, together with contractual attorneys' fees, prejudgment interest thereon and costs of suit herein;

5. If Plaintiffs are held liable for any part of the claims asserted against them by the Cargo Interest Defendants, a judgment stating that Plaintiffs are entitled to partial or total indemnification from the Ocean Carriage Defendants herein, and each of them, so that Plaintiffs may recoup and be reimbursed by the Ocean Carriage Defendants any sum or sums that Plaintiffs must pay to the Cargo Interest Defendants, or to any other party to this action, as damages, and for attorney's fees and/or costs incurred;

6. If Plaintiffs are somehow held liable to the Cargo Interest Defendants in any ascertainable percentages or amount for any damages herein, then in that event such liability arises from the negligence and/or other wrongful conduct of the Ocean Carriage Defendants herein and the Ocean Carriage Defendants herein are liable to Plaintiffs to the extent their negligence and/or other wrongful conduct caused the loss or damage claimed by the Cargo

11

Interest Defendants in an amount co-extensive with the finding of the percentage of their negligence and/or other wrongful conduct;

7. For a declaration of the comparative liability, responsibility, fault and/or breach of each and all of the Defendants;

8. Award Plaintiff its costs and/or attorney fees, if allowable, in this action; and

9. For such other and further relief as the Court may deem just and proper.


Dated: August 16, 2022  
      Ramsey, NJ

LAKIS LAW OFFICES, PC  
*Attorneys for Plaintiffs UPS ASIA GROUP PTE. LTD., UPS OCEAN FREIGHT SERVICES, INC., UPS SCS (CHINA) LTD, UPS SCS SERVICES (THAILAND) LIMITED, and UPS SCS (ASIA) LTD*

*s/William E. Lakis*

By: _____

William E. Lakis  
145 N. Franklin Tpke, Suite 122  
Ramsey, NJ 07446  
Tel: 201-962-9300  
Fax: 201-962-9301  
E-mail: wlakis@lakis-law.com