UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>*ONE APUS* CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020<br><br>*This Document Relates to UPS Asia Group Pte. Ltd., et al. v. Solaray, LLC, et al., Case No. 22-cv-6990, Southern District of New York* | 22-md-3028 (PAE)<br><br>**Referral of Claims to Magistrate Judge Pursuant to Settlement Agreement** |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

CHIDORI SHIP HOLDING LLC and JESSICA SHIP HOLDING S.A., making restricted appearances as Owners and bareboat charterers, respectively, of the M/V ONE APUS (collectively, "Owners") respectfully move this Court, pursuant to Section 3(A) of the Settlement Agreement entered into in this action (ECF No. 575-1) and this Court's retained jurisdiction to enforce that Agreement, for an order referring certain claims to the Magistrate Judge for a ruling.

## BACKGROUND

### A. The Settlement Agreement

On December 8, 2023, the parties to the various lawsuits subject to the above-captioned MDL Action entered into a Settlement Framework Agreement ("SFA") to resolve the claims of Cargo Interests[1] arising from the loss of and/or damage to cargo aboard the M/V ONE APUS (ECF No. 575-1; Ex. A to Declaration of Caroline J. Wilson ¶ 3). Those parties specifically are identified

[1] "Cargo Interests" being the shippers, consignees, cargo owners, and/or their subrogated insurers seeking recovery for loss of or damage to cargo.

as Owners, "Settling NVOCCs," and "Settling Cargo Claimants." "Settling NVOCCs" are further identified in Schedule A to the SFA, and include Plaintiff UPS Asia Group Pte. Ltd. ("UPS").

Section 3 of the SFA contains a Dispute Resolution clause that provides that any claim involving a legal/factual dispute may be referred to the Magistrate Judge for determination. The SFA provides that the party requesting referral "shall file any required pleadings or other documents with the Court to request that the Magistrate issue a ruling on the disputed [c]laim." (SFA, Section 3(A)).

**B. <u>UPS's Action</u>**

UPS is a non-vessel operating common carrier, or "NVOCC" who issued several bills of lading and/or waybills for cargo stowed on board the M/V ONE APUS during the time of the subject incident. An NVOCC, generally, is a common carrier that "'does not operate the vessels by which the ocean transportation is provided; and . . . is a shipper in its relationship with an ocean common carrier." *In re Hapag-Lloyd Aktiengesellschaft*, 573 F.Supp. 3d 934, 948 (S.D.N.Y. 2021). "An NVOCC will issue a bill of lading to the shipper but does not undertake the actual transportation of the cargo. Instead the NVOCC delivers the shipment to an ocean carrier for transportation." *Royal & Sun Alliance Insurance, PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 140, n.2 (2d Cir. 2010).

Owners understand that UPS filed the instant action to seek indemnity for amounts it paid, or may become liable to pay, to its customers in connection with the underlying cargo damage. All but a few of the underlying cargo claims subject to the action are subject to the SFA.[2]

**<u>ARGUMENT</u>**

Most of the underlying cargo claims subject to UPS's action have resolved throughout the settlement process provided for in the SFA and should now be moot. The balance of the underlying cargo claims are still pending final settlement with the Cargo Interests. Once all underlying cargo

---

[2] There are a few containers that are not part of the SFA, but Owners understand that the underlying cargo claim never came to fruition and UPS is no longer pursuing the same.

claims are resolved between Owners and Cargo Interests, UPS should be in a position to dismiss its Complaint.

**CONCLUSION**

For the reasons outlined above, Owners respectfully request that the Magistrate Judge issue a ruling staying the instant action pending complete resolution of the underlying cargo claims subject to the same.

Dated: August 4, 2026

By: */s/ Timothy Semenoro*

Timothy Semenoro
Robert E. O'Connor
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
437 Madison Avenue
New York, New York 10022
Tel: (212) 867-9500
Email: tsemenoro@mmwr.com
rconnor@mmwr.com

and

*/s/ Caroline J. Wilson*

Alan Nakazawa
Caroline J. Wilson
COLLIER WALSH NAKAZAWA LLP
*Pro Hac Vice*
180 E. Ocean Blvd. Suite 500
Long Beach, California 90802
Tel: (562) 317-3300
Email: alan.nakazawa@cwn-law.com
caroline.wilson@cwn-law.com

GRANTED. By separate order, the Court will refer the claims in UPS's action to the Magistrate Judge for a ruling.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: August 5, 2026
New York, New York